The Honorable John Bynum Prosecuting Attorney 110 South Fulton Street Clarksville, AR 72830
Dear Mr. Bynum:
This is in response to a request for an opinion forwarded to our office by Deputy Prosecuting Attorney Bruce R. Wilson. The question posed relates to the county collector's responsibility for certifying delinquent lands to the Commissioner of State Lands when the county assessor has not provided the verification required by law.
Arkansas Code of 1987 Annotated 26-37-103 (Supp. 1987) appears to be dispositive of this inquiry. This provision states as follows:
 (a) Prior to certification to the Commissioner of State Lands, the county assessor shall:
 (1) Verify the assessment to establish value on all parcels to be certified;
 (2) Verify the name and last known address of the owner of record of the tax-delinquent land; and
(3) Determine whether the tax-delinquent land exists;
 (b) If the land is found to be nonexistent, the county assessor shall remove the delinquent entry from the assessment rolls.
 (c) No tax-delinquent lands shall be certified to the Commissioner of State Lands without the assessor's verification.
It is thus apparent that the assessor has the duty to verify the assessment, as well as the name and address of the owner of record; and that he must remove nonexistent land from the assessment rolls. 26-37-103(c) is clear, moreover, in stating that "[n]o tax delinquent lands shall be certified to the Commissioner of State Lands" without this verification. The collector would therefore act contrary to 26-37-103 in certifying tax-delinquent lands without this verification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.